UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

NOBERTO LOYO-MARTINEZ,
    and
JUAN ERNESTO-MARTINEZ,          Case No.: 18-CV-026

      Plaintiffs,
  v.

UCL CONSTRUCTION LLC,
    and
UZIEL CRUZ,

      Defendants.

# COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiffs Noberto Loyo-Martinez and Juan Ernesto-Martinez bring this action against their former employers, UCL Construction LLC and Uziel Cruz, for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws. During their employment at UCL Construction LLC, Plaintiffs Loyo-Martinez and Ernesto-Martinez were not compensated at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of the FLSA and Wisconsin law. In addition, Plaintiffs were not paid for hours worked from February 1, 2016 to April 3, 2016. At all times during Plaintiffs Loyo-Martinez and Ernesto-Martinez's employment at UCL Construction LLC, Uziel Cruz oversaw the day-to-day

operations and had control over the compensation practices and human resources of UCL Construction LLC.

2. Plaintiffs Loyo-Martinez and Ernesto-Martinez bring this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate. In addition, Plaintiffs Loyo-Martinez and Ernesto-Martinez bring this action pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.* for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

3. Defendants UCL Construction LLC and Uziel Cruz's willful failure to compensate Plaintiffs Loyo-Martinez and Ernesto-Martinez at one and one-half times their regular rate for hours worked in excess of forty in a given workweek and failure to compensate Plaintiffs for all hours worked from February 1, 2016 to April 3, 2016 violates the FLSA and Wisconsin law.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

2

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and UCL Construction LLC and Uziel Cruz have substantial and systematic contacts in this District.

## PARTIES

7. Defendant UCL Construction LLC ("UCL Construction") is a Wisconsin Limited Liability Company with a principal office located in Milwaukee, Wisconsin. UCL Construction's registered agent for service of process in the State of Wisconsin is Uziel Cruz located in Madison, Wisconsin.

8. Defendant Uziel Cruz ("Cruz") is an adult resident of the State of Wisconsin who is the owner/operator of UCL Construction. Cruz has had control over the compensation practices and human resources of UCL Construction at all times since January 2016.

9. UCL Construction and Cruz are joint employers and hereinafter collectively referred to as "Defendants."

10. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiffs' rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

11. Plaintiff Loyo-Martinez is an adult resident of the State of Arizona who was formerly employed at UCL Construction.

12. Plaintiff Ernesto-Martinez is an adult resident of the State of Arizona who was formerly employed at UCL Construction.

## GENERAL ALLEGATIONS

13. Plaintiffs Loyo-Martinez and Ernesto-Martinez were formerly employees of Defendants who worked as "General Laborers" from approximately January 2016 until on or around April 3, 2016.

14. Since January 2016, Defendants have contracted and continue to contract general laborer services for residences in Wisconsin.

15. At all times during their employment for Defendants, Defendants suffered or permitted Plaintiffs Loyo-Martinez and Ernesto-Martinez to perform a wide variety of duties, including but not limited to providing general labor and carpentry services.

16. During their employment for Defendants, Plaintiffs Loyo-Martinez and Ernesto-Martinez's duties were directly related to Defendants ability to enter into contracts with residential customers to provide general laborer and carpentry services.

4

17. During their employment with Defendants, Plaintiffs Loyo-Martinez and Ernesto-Martinez generally performed their duties at customer's residences during the workweek.

18. Since January 2016, Defendants regularly suffered or permitted Plaintiffs Loyo-Martinez and Ernesto-Martinez to work in excess of forty hours per week in many workweeks.

19. In return for his work for Defendants since approximately January 2016, Defendants agreed to pay Plaintiff Loyo-Martinez at an hourly rate of $25.00 per hour.

20. In return for his work for Defendants since approximately January 2016, Defendants agreed to pay Plaintiff Ernesto-Martinez at an hourly rate of $15.00 per hour.

21. Since approximately January 2016, Defendants failed to pay Plaintiffs Loyo-Martinez and Ernesto-Martinez for hours worked in excess of forty in any given workweek at a rate of one and one-half time their regular rate in violation of the FLSA and Wisconsin law.

22. Plaintiffs were not paid for hours worked from February 1, 2016 to April 3, 2016.

23. At all times from approximately January 2016 until April 3, 2016, Defendant Cruz has been the owner and operator of UCL Construction.

24. Defendant Cruz was involved in the management, supervision, and oversight of UCL Construction between approximately January 2016 and on or

about April 3, 2016 and had the ability to hire and fire employees; was involved in and had control over employee compensation, benefits decisions, and policy making; was involved in UCL Construction's day-to-day functions; and had a role in determining employee rates of pay.

25. Defendant Cruz made the decision to compensation Plaintiffs Loyo-Martinez and Ernesto-Martinez in the fashion that Defendants did.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Minimum and Overtime Wages

26. Plaintiffs Loyo-Martinez and Ernesto-Martinez reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

27. Between approximately January 2016 until on or about April 3, 2016, Plaintiffs Loyo-Martinez and Ernesto-Martinez were entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of UCL Construction.

28. Between approximately January 2016 until on or about April 3, 2016, UCL Construction was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

29. Between January 2016 until on or about April 3, 2016, UCL Construction was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

6

30. Between approximately January 2016 until on or about April 3, 2016, Defendant Cruz was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of the FLSA, 29 U.S.C. § 203(d),(g).

31. Plaintiffs Loyo-Martinez and Ernesto-Martinez are victims of Defendants' compensation policies and practices in violation of the FLSA, by Defendants' failure to compensate Plaintiffs Loyo-Martinez and Ernesto-Martinez for all work performed, including payment of overtime premium compensation at their regular rate for each hour worked in excess of forty hours in any given workweek.

32. The FLSA regulates, among other things, the payment of minimum wages and an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

33. Defendants were and are subject to the overtime pay requirements of the FLSA because UCL Construction was an enterprise engaged in commerce and/or its employees have been and continue to be engaged in commerce, as defined by the FLSA, 29 U.S.C. § 203(b), since approximately January 2016.

34. Defendants' failure to properly compensate Plaintiffs Loyo-Martinez and Ernesto-Martinez was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs Loyo-Martinez and

7

Case 2:18-cv-00026-JPS   Filed 01/05/18   Page 7 of 13   Document 1

Ernesto-Martinez are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime premium pay described above, pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay minimum and overtime premium wages, Plaintiffs Loyo-Martinez and Ernesto-Martinez are entitled to an award of pre-judgment interest at the applicable legal rate.

35. As a result of the aforementioned willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs Loyo-Martinez and Ernesto-Martinez for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

36. Plaintiffs Loyo-Martinez and Ernesto-Martinez are entitled to damages equal to the amount of unpaid minimum wages owed and mandated overtime premium pay within the three years preceding the date of the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

37. Pursuant to 29 U.S.C. § 216(b), Plaintiffs Loyo-Martinez and Ernesto-Martinez are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Agreed Upon, Minimum, and Overtime Wages

8

Case 2:18-cv-00026-JPS   Filed 01/05/18   Page 8 of 13   Document 1

38. Plaintiffs Loyo-Martinez and Ernesto-Martinez reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

39. Between approximately January 2016 until on or about April 3, 2016, Plaintiffs Loyo-Martinez and Ernesto-Martinez were employees within the meaning of Wis. Stat. § 109.01(1r).

40. Between approximately January 2016 until on or about April 3, 2016, Plaintiffs Loyo-Martinez and Ernesto-Martinez were employees within the meaning of Wis. Stat. § 103.001(5).

41. Between approximately January 2016 until on or about April 3, 2016, Plaintiffs Loyo-Martinez and Ernesto-Martinez were employees within the meaning of Wis. Stat. § 104.01(2)(a).

42. Between approximately January 2016 until on or about April 3, 2016, Plaintiffs Loyo-Martinez and Ernesto-Martinez were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

43. Between approximately January 2016 until on or about April 3, 2016, Plaintiffs Loyo-Martinez and Ernesto-Martinez were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

44. Between approximately January 2016 until on or about April 3, 2016, UCL Construction was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Stat. § 109.01(2).

45. Between approximately January 2016 until on or about April 3, 2016, UCL Construction was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Stat. § 103.001(6).

46. Between approximately January 2016 until on or about April 3, 2016, UCL Construction was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Stat. § 104.01(3)(a).

47. Between approximately January 2016 until on or about April 3, 2016, UCL Construction was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Admin. Code § DWD 272.01(5).

48. Between approximately January 2016 until on or about April 3, 2016, UCL Construction was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

49. Between approximately January 2016 until on or about April 3, 2016, Defendant Cruz was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Stat. § 109.01(2).

50. Between approximately January 2016 until on or about April 3, 2016, Defendant Cruz was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Stat. § 103.001(6).

51. Between approximately January 2016 until on or about April 3, 2016, Defendant Cruz was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Stat. § 104.01(3)(a).

52. Between approximately January 2016 until on or about April 3, 2016, Defendant Cruz was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Admin. Code § DWD 272.01(5).

53. Between approximately January 2016 until on or about April 3, 2016, Defendant Cruz was an employer of Plaintiffs Loyo-Martinez and Ernesto-Martinez within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

54. Between approximately January 2016 until on or about April 3, 2016, Defendants failed to pay Plaintiffs Loyo-Martinez and Ernesto-Martinez overtime premium compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of Wisconsin law.

55. Plaintiffs were not paid minimum or agreed upon wages for hours worked from February 1, 2016 to April 3, 2016 in violation of Wisconsin law.

56. Defendants' failure to pay Plaintiffs Loyo-Martinez and Ernesto-Martinez minimum, agreed upon, and overtime compensation for hours worked between approximately January 2016 and April 3, 2016 was willful, dilatory, and unjust in violation of Wisconsin law.

57. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than thirty-one days prior to the date of payment.

58. As set forth above, Plaintiffs Loyo-Martinez and Ernesto-Martinez have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs Loyo-Martinez and Ernesto-Martinez seek

damages in the amount of their respective unpaid compensation, and such other legal and equitable relief as the Court deems just and proper.

59. Under Wis. Stat. § 109.11, Plaintiffs Loyo-Martinez and Ernesto-Martinez are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

60. Plaintiffs Loyo-Martinez and Ernesto-Martinez seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to Wisconsin wage laws.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Loyo-Martinez and Ernesto-Martinez respectfully requests that this Court grant the following relief:

a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations and as willful as defined by Wisconsin Law;

b) An Order finding that Defendants violated the FLSA and Wisconsin wage and hour laws in failing to pay Plaintiffs' minimum, agreed upon, and overtime compensation for hours worked in excess of forty in any given workweek in the statutory period;

c) An Order finding that Defendants violations of the FLSA and Wisconsin law were willful;

d) An Order finding that Defendants violations of Wisconsin law were dilatory and unjust;

e) Judgment against Defendants in the amount equal to the Plaintiffs' unpaid agreed upon and overtime wages at the applicable regular rate mandated by the FLSA and Wisconsin law;

f) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

12

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.

Dated this 5th day of January, 2018.

Respectfully submitted,

s/LARRY A. JOHNSON
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404
Timothy P. Maynard
SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s): ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com